1
2
3
4
5
6
7
8
9        **UNITED STATES DISTRICT COURT**
10       **SOUTHERN DISTRICT OF CALIFORNIA**
11

12   PHUOC LUU,                              CASE NO. 13cv1182-MMA (RBB)
13                          Petitioner,      **ORDER ADOPTING REPORT AND**
                                             **RECOMMENDATION OF UNITED**
14                                           **STATES MAGISTRATE JUDGE;**
15                                           [Doc. No. 12]
16        vs.                                **OVERRULING PETITIONER'S**
                                             **OBJECTIONS**
17
                                             [Doc. No. 13]
18
                                             **GRANTING MOTION TO DISMISS**
19   JEFFREY BEARD, Secretary,
                                             [Doc. No. 11]
20                          Respondent.
                                             **DISMISSING PETITIONER'S**
21                                           **PETITION WITH PREJUDICE**
22                                           [Doc. No. 1]
23
24        Petitioner Phuoc Luu, a state prisoner proceeding *pro se*, filed a petition for

25   writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254.  *See* Doc. No. 1.

26   Petitioner alleges he was denied due process during a prison investigation regarding

27   his purported involvement in a conspiracy to murder a prison staff member.

28   Petitioner also seeks to expunge all references to this allegation from his central file.

1  Respondent filed a motion to dismiss, asserting two grounds for dismissal: (1) the

2  petition is untimely under the statute of limitations, and (2) the petition does not seek

3  cognizable federal habeas relief.  *See*  Doc. No. 11.  Petitioner did not file an

4  opposition to Respondent's motion.

5        The matter was referred to United States Magistrate Judge Ruben B. Brooks

6  for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1),

7  and Civil Local Rule HC.2.  Judge Brooks issued a well-reasoned and thorough

8  Report recommending the Court grant Respondent's motion to dismiss the petition

9  as untimely.  *See* Doc. No. 12.  Petitioner filed objections to the Report and

10  Recommendation.  *See* Doc. No. 13.

11  **DISCUSSION**

12  *1.  Standard of Review*

13        Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. §

14  636(b)(1), the Court must "make a de novo determination of those portions of the

15  report . . . to which objection is made," and "may accept, reject, or modify, in whole

16  or in part, the findings or recommendations made by the magistrate [judge]."  28

17  U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir.

18  1989).

19  *2.  Analysis*

20        Petitioner does not object to the magistrate judge's reasoning or conclusions,

21  but instead attempts to assert a claim of actual innocence under *Schlup v. Delo*, 513

22  U.S. 298 (1995).  Specifically, Petitioner contends the statute of limitations should

23  not bar his petition because he is actually innocent of the prison disciplinary charge

24  of conspiracy.  However, "[t]he *Schlup* exception involves a narrow class of cases . .

25  . implicating a fundamental miscarriage of justice because a constitutional violation

26  has probably resulted in the conviction of one who is actually innocent."  *Lee v.*

27  *Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (quoting *Schlup*, 513 U.S. at 314–15)

28  (internal quotation marks omitted).  Here, Petitioner does not challenge his

underlying state court conviction,[1] but rather the outcome of a "prison disciplinary matter."  Pet. at 1.  Therefore, *Schlup* is inapplicable.  *See Schlup*, 513 U.S. at 324 (recognizing "the claimed injustice is that constitutional error has resulted in the conviction of one who is actually innocent of the crime"); *see also Sistrunk v. Armenakis*, 292 F.3d 669, 673 (9th Cir. 2002) ("In order to pass through the *Schlup* gateway, a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.") (internal citation and quotations omitted).  Accordingly, the Court **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation in its entirety.

### CERTIFICATE OF APPEALABILITY

Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability is not issued unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003), quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner has not made the requisite showing.  Accordingly, the Court **DECLINES** to issue a certificate of appealability as to any claims or issues raised in his petition.

///

///

//

///

///

---

[1] In his petition, Petitioner states that he "does not challenge his current commitment offenses."  Pet. at 9.

1

<u>CONCLUSION</u>

2       Based on the foregoing, the Court **ADOPTS** the Report and Recommendation

3  in its entirety, **OVERRULES** Petitioner's Objections, **GRANTS** Respondent's

4  Motion to Dismiss, and **DISMISSES** Petitioner's petition with prejudice.  The Court

5  **DECLINES** to issue a certificate of appealability.

6       **IT IS SO ORDERED.**

7

8  DATED:  June 12, 2014

9

10 Hon. Michael M. Anello
   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13cv1182-MMA (RBB)